Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| *PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC*<br><br>*Peticionario*<br><br><br>v.<br><br><br>ONE ALLIANCE INSURANCE CORPORATION<br><br>*Recurrido* | KLCE202300152 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: SJ2019CV10739 (403)<br><br>Sobre: Seguros Incumplimiento Aseguradoras Huracanes Irma/María |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, jueza ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece ante nos PR Asset Portfolio 2013-1 International, LLC ("PRAPI" o parte peticionaria) mediante *Petición de Certiorari* y solicita la revisión de la *Resolución* emitida el 13 de febrero de 2023, notificada el mismo día, por el Tribunal de Primera Instancia, Sala de Arecibo (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar una *Moción de Sentencia Sumaria Parcial* presentada por PRAPI.

En la misma fecha de presentación del recurso, la parte peticionaria sometió una *Urgente Solicitud de Consolidación de Recurso de Certiorari con Otros Recursos Idénticos ya Consolidados ante este Honorable Tribunal, y de Orden de Auxilio de Jurisdicción*, la cual declaramos No Ha Lugar mediante *Resolución* del 24 de febrero de 2023.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

**I.**

Para su cabal entendimiento, es pertinente exponer los hechos que precedieron a la *Demanda* instada por PRAPI. Así pues, el 2 de octubre de 2017, PRAPI reclamó a su aseguradora, One Alliance Insurance Corporation (One Alliance), los daños que le causó el paso del huracán María por Puerto Rico. Debido a que había varias propiedades involucradas, PRAPI acordó con One Alliance atender la reclamación en tres fases que denominaron *1st, 2nd, and 3rd Claim Submission.* El propósito era llevar el proceso de inspección y ajuste de manera escalonada y agilizar la solución de la reclamación. One Alliance y PRAPI, a través de sus representantes y ajustadores, realizaron las inspecciones de las propiedades incluidas en la reclamación. Ya evaluadas las propiedades del *1st and 2nd Claim Submission*, el 17 de noviembre de 2017, PRAPI sometió a One Alliance el *1st Claim Submission.* El 18 de diciembre de 2017, One Alliance le sometió a PRAPI el ajuste parcial con relación a 33 propiedades de las 43 propiedades objeto del *1st Claim Submission.*

Posteriormente, el 6 de enero de 2018, PRAPI sometió el *2nd Claim Submission.* En junio de 2018, One Alliance le envió a PRAPI el ajuste correspondiente al *2nd Claim Submission.* El 14 de septiembre de 2018, One Alliance ajustó la reclamación sobre las propiedades objeto del *1st Claim Submission* y ofreció pagarle a PRAPI por estas. Así pues, el 20 de septiembre de 2018, PRAPI sometió a One Alliance el correspondiente *Proof of Loss.* El 26 de septiembre de 2018, One Alliance emitió dos (2) cheques como pago del ajuste del *1st Claim Submission.*

El 28 de marzo de 2019, las partes llegaron a un acuerdo sobre las propiedades del *2nd Claim Submission.* Ante ello, el 16 de mayo de 2019, One Alliance ajustó la reclamación y ofreció emitir el pago correspondiente a PRAPI por 29 propiedades de las 64

propiedades que incluyeron en el *2nd Claim Submission*. PRAPI aceptó y el 29 de mayo de 2019 remitió al ajustador de One Alliance los *Proof of Loss* del *2nd Claim Submission*. Sin embargo, el 20 de junio de 2022, One Alliance le remitió una carta a PRAPI rechazando el *Proof of Loss* relacionado al *2nd Claim Submission*. Señaló que albergaba dudas sobre el interés asegurable de PRAPI en algunas de las propiedades incluidas en la reclamación.

El 6 de septiembre de 2019, PRAPI presentó *Demanda*[1] sobre incumplimiento de contrato de seguro, mala fe, acciones declaratorias, así como, un reclamo de daños y perjuicios y solicitud de honorarios de abogado contra One Alliance. Posteriormente, PRAPI presentó una primera *Demanda Enmendada*[2]. En la misma, se añadió una causa de acción de remedios civiles al amparo de la Ley 247-2018. Luego, el 26 de junio de 2020, se presentó una *Segunda Demanda Enmendada*[3], la cual se permitió, a los fines de incluir dos propiedades. En síntesis, en la *Segunda Demanda Enmendada* se solicitó que se le ordenara a One Alliance pagar las partidas reclamadas por la parte demandante, PRAPI, en sus Declaraciones de Pérdida correspondiente a las propiedades del *2nd Claim Submission*.

Por su parte, el 2 de febrero de 2021, One Alliance presentó *Reconvención*[4]. En síntesis, alegó que, PRAPI cometió fraude al ocultar información de hechos materiales relacionados a su reclamación, así como, prestó falsas representaciones con el fin de beneficiarse del contrato de seguros. One Alliance solicitó que se devuelva el pago de $217,248.06, correspondiente al *1st Claim Submission*.

---

[1] Véase Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase Entrada Núm. 15 SUMAC.
[3] Véase Entrada Núm. 36 SUMAC.
[4] Véase Entrada Núm. 87 SUMAC.

En lo pertinente a la controversia ante nuestra consideración, el 3 de junio de 2022, PRAPI instó una *Moción de Sentencia Sumaria Parcial*[5]. Argumentó que el TPI: "(1) Declare que PRAPI no tiene que devolver o pagarle a One Alliance suma alguna con relación a la porción de la reclamación que ya la aseguradora pagó del *1st Claim Submission;* (2) Ordene que One Alliance le pague de inmediato a PRAPI las sumas relacionadas a la porción de la reclamación sobre la cual ya existe un acuerdo, pero que One Alliance no pagó; (3) Declare que One Alliance no podía anular las pólizas; (4) Ordene que One Alliance culmine la investigación en base a los documentos que PRAPI le sometió a través de sus ajustadores públicos dentro de un término perentorio y ajuste de las reclamaciones de las propiedades que siguen pendiente; y (5) Ordene a One Alliance a pagarle inmediatamente a PRAPI la suma fruto de ese ajuste". Además, PRAPI solicitó que se dicte Sentencia Sumaria Parcial a su favor sobre las causas de acción Primera, Cuarta, Tercera y parte de la Segunda, contenidas en su *Demanda Enmendada*; y que se desestime la *Reconvención* presentada por One Alliance por los mismos fundamentos.

Por su parte, el 22 de agosto de 2022, One Alliance presentó moción intitulada *Oposición a "Solicitud de Sentencia Sumaria" y "Relación de Hechos Materiales Incontrovertidos Apoyando Solicitud de Sentencia Sumaria"*[6]. En su escrito, afirmó que existen controversias de hechos medulares que impiden que se dicte sentencia sumaria parcial porque el Tribunal deberá tener contacto con la prueba que justifica las defensas de la aseguradora y determinar si la conducta de PRAPI constituye un patrón de fraude. Además, adujo que no procede una sentencia sumaria cuando

---

[5] Véase Entrada Núm. 199 SUMAC.
[6] Véase Entrada Núm. 205 SUMAC.

existen elementos subjetivos de intención, negligencia, propósitos mentales o cuando el factor credibilidad es esencial.

Así las cosas, el 13 de febrero de 2023, notificada el mismo día, el foro primario emitió una *Resolución*[7] mediante la cual declaró No Ha Lugar la *Moción de Sentencia Sumaria Parcial y* la moción intitulada *Relación de Hechos Materiales Incontrovertidos Apoyando Solicitud de Sentencia Sumaria* presentadas por PRAPI. En su dictamen, incluyó ochenta y cinco (85) determinaciones de hechos. De otra parte, el foro primario consignó los siguientes veinticuatro (24) hechos en controversia:

> 1. Hecho #13 – de los anejos 1A y 1B de la oposición (minutas) surge que Anthony Santoro ya no trabaja para la parte demandante por lo que entendemos no es representante corporativo de PRAPI.
>
> 2. Hecho #15 – no se sustenta con la deposición anejada, Exhibit 2.
>
> 3. Hecho #18 – no se sustenta con la declaración jurada anejada.
>
> 4. Hecho #21 – no es un hecho material.
>
> 5. Hechos #23 al #32 – estos hechos propuestos están relacionados con las pólizas que los demandantes poseían con Mapfre, que no es parte en este pleito, y la información es inmaterial a las controversias entre las partes.
>
> 6. Hecho #34 – no es un hecho material.
>
> 7. Hecho #39 – no se sustenta con el anejo incluido.
>
> 8. Hecho #45 – no se sustenta con el anejo incluido.
>
> 9. Hechos #48 al #51 – los hechos aquí propuestos afirman que PRAPI enviaba a One Alliance reportes mensuales los cuales, en esencia, eran utilizados para emitir los endosos correspondientes. Sin embargo, de la deposición del Sr. Vélez (exhibit 4.1), surge que el endoso de "reporting" no estaba incluido en la póliza. Por ende, existe controversia en cuanto a si existe o no el endoso.
>
> 10. Hechos #58 y #59 – no se sustenta con el anejo incluido, además, no fue lo que declaró el deponente.
>
> 11. Hechos #79 y #81- lo relacionado con el 3rd claim submission en cuanto al valor de las alegadas perdidas, está en controversia.
>
> 12. Hechos #96 y #97 – no se sustentan con el anejo al que hace referencia.

---

[7] Véase Entrada Núm. 244 SUMAC.

13. Hecho #100 – la cita que se transcribe en el este hecho propuesto no surge de la evidencia a la que hace referencia.

14. Hecho #103 – no se sustenta con el anejo incluido; el documento no está firmado y entendemos que no es suficiente para probar lo que pretende (que se realizó una investigación de la reclamación).

15. Hecho #104 – según la evidencia anejada como exhibit 9, el Sr. Rivera indica que se había inspeccionado parte del 2nd Claim Submission.

16. Hecho #106 – no se sustenta con el anejo incluido.

17. Hechos #111 al #114 – no está redactado según lo que se expone en la deposición anejada, entiéndase, que no se sustenta con la prueba anejada.

18. Hecho #115 – de la misiva enviada en enero de 2021 surge la cita de las cláusulas a las que hace referencia, véase exhibit 26, pág. 3.

19. Hecho #116 – del exhibit 22, págs. 68 a la 71, surge que los abogados discutieron, teniendo fuera al deponente, y aclararon que la pregunta se refería a los Informes preparados por Adjusters, Inc., relacionados a las propiedades reclamadas y no a "estudios de títulos" formales como tal.

20. Hecho #119 – no se puede identificar claramente el alegado reporte, y la referencia que hace a la deposición no expresa nada en concreto con relación a ese reporte.

21. Hecho #120 – la redacción del hecho propuesto no corresponde a lo que dice la deposición.

22. Hecho #124 – no es lo que contestó el deponente – expresó que su trabajo no se trata de inferir.

23. Hecho #125 – no se sustenta con la evidencia a la que hace referencia; inmediatamente luego de que el deponente contestó que no le preguntaron por que en la pestaña indicaba "sold" – el deponente indica que le había solicitado al asegurado que les dejara saber qué había pasado con esas propiedades.

24. Hechos #128 al #135 – lo relacionado con las reclamaciones del 3rd Claim Submission y parte del 2nd Claim Submission, está en controversia. Asimismo, lo relacionado al interés asegurable es un asunto que tiene que ver directamente con lo que establece la póliza, si algo, con relación a ese tema. No se ha puesto al tribunal en posición de tomar una determinación con relación a lo que constituye interés asegurable.

Inconforme con el referido dictamen, el 17 de febrero de 2023, PRAPI acudió ante este foro revisor mediante petición de *Certiorari* y formuló los siguientes señalamientos de error:

1. ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL DE PRAPI Y NO ORDENAR EL PAGO DE AJUSTE EMITIDO POR ONE ALLIANCE.

2. ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL DE PRAPI A BASE DE LAS MERAS ALEGACIONES DE ONE ALLIANCE SOBRE EL SUPUESTO FRAUDE QUE SUBYACE SU DEFENSA AFIRMATIVA Y RECONVENCIÓN

3. ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE SENTENCIA SUMARIA PARCIAL DE PRAPI Y NO ORDENAR EL AJUSTE DEL RESTANTE DE LA RECLAMACIÓN.

En la misma fecha de presentación del recurso, la parte peticionaria sometió una *Urgente Solicitud de Consolidación de Recurso de Certiorari con Otros Recursos Idénticos ya Consolidados ante este Honorable Tribunal, y de Orden de Auxilio de Jurisdicción,* la cual declaramos No Ha Lugar mediante Resolución del 24 de febrero de 2023. Además, concedimos a One Alliance hasta el 28 de febrero de 2023 para que expusiera su posición.

El 28 de febrero de 2023, One Alliance compareció mediante *Oposición a Petición de Certiorari.* En su escrito, reiteró que la solicitud de sentencia sumaria presentada por PRAPI pretende que el TPI adjudique la totalidad de las controversias y no de manera parcial.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[8] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[9]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes *circunstancias extraordinarias o indicios de pasión,*

---

[8] 32 LPRA Ap. V, R. 52.1.
[9] 4 LPRA Ap. XXII-B, R.40.

*prejuicio, parcialidad o error manifiesto*[10]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[11].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[12]. No obstante, la Regla 52.1, *supra,* faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [...]

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* señala los criterios que para ello debemos considerar. Éstos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[10] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[11] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[12] *García v. Padró,* 165 DPR 324, 334-335 (2005); *Zorniak v. Cessna,* 132 DPR 170, 180 (1992).

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

Como norma general, nuestro ordenamiento procesal civil requiere que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma. A esos efectos, la Regla 42.2 de Procedimiento Civil[13] preceptúa que: "[e]n todos los pleitos el tribunal especificará los hechos probados y consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda". No obstante, y en atención a que los pleitos resueltos por la vía sumaria solamente exigen que el foro sentenciador aplique el Derecho a los hechos incontrovertidos propuestos por el promovente —y que no fueron controvertidos por la parte promovida en su oposición—, la Regla 42.2[14] también establece que:

No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho:

---

[13] 32 LPRA Ap. V, R. 42.2.
[14] *Íd.*

(a) al resolver mociones bajo las Reglas 10 [o] 36.1 y 36.2[,] o al resolver cualquier otra moción, a excepción de lo dispuesto en la Regla 39.2 [...];

(b) en casos de rebeldía;

(c) cuando las partes así lo estipulen, o

(d) cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estime.

*En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4* [...][15].

Por otro lado, la Regla 36.4 de las de Procedimiento Civil[16] considera las instancias en las que el foro primario no decida el pleito en virtud de una moción de sentencia sumaria, en específico dispone lo siguiente:

Si en virtud de una moción presentada bajo las disposiciones de esta regla *no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la* [*moción*], y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.

A base de las determinaciones realizadas en virtud de esta regla el tribunal dictará los correspondientes remedios, si alguno.

Claramente, esta regla procesal delimita las instancias en las que el tribunal estará obligado a resolver la moción de sentencia sumaria presentada "mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos". Conforme al texto de la regla, estas instancias son: (1) cuando no se dicta sentencia sumaria sobre la totalidad del pleito; (2) cuando no se concede todo el remedio solicitado, y (3) cuando se deniega la moción de sentencia sumaria

---

[15] 32 LPRA Ap. V, R. 36.4.
[16] *Íd.*

presentada. *Íd.* Estas tres instancias conllevan, por supuesto, la celebración de un juicio en su fondo. Es justamente por ello que se le requiere al tribunal que consigne los hechos sobre los cuales no hay controversia, puesto que será *innecesario* pasar prueba sobre éstos durante el juicio.

**-C-**

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional que sólo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar el derecho[17]. En términos generales, al dictar sentencia sumaria el tribunal deberá hacer lo siguiente:

> (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal;
>
> (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[18].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando existan hechos materiales y esenciales controvertidos; cuando haya alegaciones afirmativas en la demanda que no han sido refutadas; cuando surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o cuando como cuestión de derecho, no procede[19]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[20].

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá cuando el tribunal quede claramente convencido de que tiene ante

---

[17] *Maldonado v. Cruz.*, 161 DPR 1, 39, (2004). *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004).
[18] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004).
[19] *Íd.*, págs. 333-334.
[20] *Maldonado v. Cruz, supra*

sí documentos no controvertidos[21]. Es importante mencionar, que este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una moción de sentencia sumaria[22].

Los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[23].

Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras; (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia, (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta[24]. El primer punto se enfoca en que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos[25]. También, se ha aclarado que al foro apelativo le es vedado adjudicar

---

[21] *Íd.*, pág. 334.
[22] *Íd.*
[23] *Roldan Flores v. M Cuebas*, 199 DPR 664, 679 (2018).
[24] *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100 (2015).
[25] *Íd.*, en la pág. 115.

los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia[26].

**III.**

En el caso ante nos, PRAPI alega que el Foro primario se equivocó al denegar la *Moción de Sentencia Sumaria Parcial* debido a que One Alliance *está impedida de retractarse* de los ajustes emitidos en el *1st Claim Submission* y parte del *2nd Claim Submission*, como también de los acuerdos pactados entre las partes. Señala que el TPI debió ordenarle a One Alliance cumplir con el pago del ajuste emitido en el *2nd Claim Submission* e indica que no procede devolver el pago realizado por el *1st Claim Submission.* Además, alega que el TPI debe ordenarle a One Alliance completar ese proceso, y que le page a PRAPI las sumas restantes inmediatamente. Por su parte, One Alliance aduce que, existen controversias de hechos medulares que impiden que se dicte *Sentencia Sumaria Parcial* debido a que PRAPI actuó de manera fraudulenta.

Según expuesto, la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta a revisar una determinación del foro de instancia sobre la denegatoria de una moción de carácter dispositivo. Sin embargo, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos.

Tras examinar la totalidad del expediente ante nuestra consideración, la Moción de Sentencia Sumaria Parcial y su oposición, entendemos que, tal y como lo decidió el foro recurrido, en esta etapa de los procedimientos existen controversias de hechos esenciales que deben ser dirimidas en un juicio en su fondo, por presentar cuestiones de credibilidad e intención. De las propias

---

[26] *Vera v. Bravo*, 161 DPR 308, 335 (2004).

alegaciones de las partes se desprenden actuaciones que implican propósitos mentales, de intención y negligencia que solo pueden justipreciarse mediante un juicio plenario.

Es norma reiterada por nuestro Tribunal Supremo que la parte promovente de una moción de sentencia sumaria "debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material[27]. En el caso de autos, el foro de instancia determinó hechos esenciales que están en controversia y que son determinantes para la solución de las reclamaciones presentadas por PRAPI y One Alliance en su Reconvención.

De nuestra revisión "*de novo*" y el análisis realizado, conforme a lo dispuesto en la Regla 36 de las de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa, colegimos que el TPI, en el ejercicio de su sana discreción, enunció la doctrina establecida por el Tribunal Supremo y ejerció la potestad de excluir los hechos propuestos que no hayan sido debidamente numerados o que no tengan correlación específica a la evidencia admisible que supuestamente los sostiene"[28].

A su vez, la parte peticionaria no ha demostrado que el tribunal recurrido haya actuado de forma prejuiciada o parcializada o que cometiera un error en la aplicación de la norma jurídica que amerite nuestra intervención. Tampoco constató que, el abstenernos de interferir con el dictamen del TPI, constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, de manera que estemos llamados a ejercer nuestra función revisora. Por consiguiente, denegamos la expedición del auto de *certiorari*.

---

[27] *Meléndez González et al. v. M. Cuebas, supra.*
[28] *Zapata-Rivera v. J.F. Montalvo.*, 189 DPR 414, 433 (2013).

**IV.**

Por los fundamentos previamente expuestos, **denegamos** la expedición del auto de *certiorari*.

**Notifíquese Inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones